UNITED STATES of America Plaintiff,

v.

**Darrell HEWLETT, Defendant.**

**No. CR. 03–0139(RJL).**

United States District Court,
District of Columbia.

Oct. 14, 2003.

---

Charles Joseph Harkins, Jr., U.S. Attorney's Office Judiciary Center Building, David B. Deitch, U.S. Attorney's Office Community Prosecution, Washington, DC, for Plaintiff.

Nikki U. Lotze, Roberts & Wood Berkshire Building, Riverdale, MD, for Defendant.

## MEMORANDUM OPINION

LEON, District Judge.

Defendant Darrell Hewlett ("defendant," "Hewlett") has filed a motion to suppress as the fruit of an illegal search all physical evidence seized during his arrest on March 13, 2003. The defendant contends that the arrest was not supported by probable cause, and thus could not serve as the basis for the search of defendant's person. The court conducted an evidentiary hearing on September 26, 2003, at which time an FBI agent and a Metropolitan Police Department ("MPD") officer testified as to the events which occurred leading up to and during the arrest of the defendant.

After considering the defendant's motion, the government's opposition thereto, and the testimony and arguments of counsel made during a hearing before the Court, the Court denies defendant's motion to suppress all physical evidence seized during the search.

## BACKGROUND

In a one-count indictment dated April 3, 2003, the defendant was charged with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for One Year or More in violation of 18 U.S.C. § 922(g)(1). The charge is based on a handgun seized during a search incident to arrest on March 13, 2003 at a McDonald's restaurant, located at 601 F Street, N.W.

On that date, a reliable confidential informant contacted FBI Special Agent Kevin Ashby [1] and indicated that Hewlett was

---

1. Agent Ashby testified that he has been with the FBI for 15 years and works primarily on narcotics related cases. Hr'g Tr. at 9.

eating lunch at a McDonald's in the MCI Center. Agent Ashby testified that the same informant had told him in April, 2002 that there was an outstanding warrant for Hewlett's arrest stemming from a homicide case in Prince George's County, Maryland. Agent Ashby and his partner, Agent Robert Lockart, immediately headed to the MCI Center, from their location on South Capitol Street, Southeast. On the way to the McDonald's, the agents picked up MPD Officers Cephas and Moye. When they arrived at the McDonald's, Officer Moye, who had attended high school with Hewlett, identified him to the agents. In addition, Agent Ashby remembered Hewlett from the MPD photograph he had presented to the confidential informant 11 months earlier when the informant first identified Hewlett. Agent Ashby had also confirmed the existence of the warrant through the FBI's NCIC[2] system at that time.

Thus, confident of his identity, the agents approached Hewlett and placed him under arrest. As they stood him up to place him in handcuffs, Agent Ashby conducted a routine pat down search of the defendant. He found a loaded Sig Sauer 9 mm pistol in Hewlett's waistband and a loaded magazine from the one of his pockets. A uniformed officer who had arrived on the scene in the meantime then reconfirmed through the WALES database that the Prince George's County arrest warrant was still outstanding for the defendant. He also determined that an additional warrant had been issued for a probation violation.

## ANALYSIS

■ Defendant asks this Court to suppress all evidence seized during his arrest on March 13, 2003. He argues that the officers did not have probable cause to arrest the defendant and therefore the search conducted incident to the arrest violated the Fourth Amendment. Because the Court finds that the officers had probable cause to arrest the defendant, his motion is denied.

■ A search incident to a lawful arrest has been long established as one of the exceptions to the general requirement that the government obtain a warrant before conducting a search. *U.S. v. Robinson*, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973). Probable cause must have existed at the time that the search began and the discovery of evidence can not validate a search that was not legitimate at its inception. *Bailey v. United States*, 389 F.2d 305, 308 (D.C.Cir.1967). Probable cause exists where the arresting officers have "facts and circumstances within their knowledge" that are reasonably trustworthy and would " 'warrant a man of reasonable caution' in the belief that an offense has been or is being committed." *Draper v. United States*, 358 U.S. 307, 313, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959) (*quoting Carroll v. United States*, 267 U.S. 132, 162, 45 S.Ct. 280, 69 L.Ed. 543 (1925)). Moreover, probable cause is based on "practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Brinegar v. United States*, 338 U.S. 160, 175, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949). Information received from an informant can be considered, but its reliability is bolstered by independent police corroboration. *See United States v. Laws*, 808 F.2d 92, 97 (D.C.Cir.1986) (discussing *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)).

Agent Ashby became aware that the defendant was located at a local Mc-

---

2. The National Crime Information Center database is a computerized index of criminal justice information including warrants and criminal histories.

Donald's when a confidential informant contacted him. Upon entering the McDonald's at the MCI Center, Agent Ashby recognized the defendant from a photograph that he had seen the previous April. This identification was corroborated by Officer Moye, who was familiar with the defendant. Agent Ashby testified that the basis for the arrest was what he believed to be a still outstanding arrest warrant in Prince George's County. Hr'g Tr. at 12. Agent Ashby had personal knowledge of the existence of the warrant because he had previously corroborated its existence pursuant to his conversation with the informant. Agent Ashby testified that he did not reconfirm the status of the warrant before going to the McDonald's due to "the exigency of the circumstances." Hr'g Tr. at 15. Indeed, the officers had a very limited amount of time (i.e. that necessary for the defendant to finish eating a fast food meal) to insure he would still be at the McDonald's.

■ Probable cause does not require an absolute certainty, "only a probability or substantial chance" that a crime was committed. *Gates*, 462 U.S. at 243–244 n. 13, 103 S.Ct. 2317. Although the officers did not have time to reconfirm that the warrant was still outstanding, the Court finds that probable cause existed to arrest the defendant based on the facts and circumstances known to them at the time.

## CONCLUSION

Accordingly, for the reasons set forth above, the Court DENIES defendant's Motion to Suppress Physical Evidence.

SO ORDERED.